**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL DAVID BEAR, | ) | CASE NO. 4:23-CV-1082 |
| Petitioner, | ) ) ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) ) | MAGISTRATE JUDGE JENNIFER DOWDELL ARMSTRONG |
| UNITED STATES BUREAU OF PRISONS, | ) ) | |
| Respondent. | ) ) ) | **REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

Now pending before the Court are: (1) Respondent's Motion to Dismiss Habeas Petition (ECF No. 8) pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and, in the alternative, Rule 12(b)(6) of the Federal Rules of Civil Procedure; and (2) Petitioner Michael David Bear's ("Mr. Bear") Motion to Show Cause (ECF No. 10). This matter is before me pursuant to Judge Solomon Oliver, Jr.'s order of referral for the preparation of a Report and Recommendation. (*See* ECF non-document order dated July 18, 2023.) For the following reasons, I recommend that the Court GRANT Respondent's Motion to Dismiss and DENY Mr. Bear's Motion to Show Cause. I also recommend that Warden F. Garza be substituted as the Respondent in this case.[1]

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On April 19, 2007, Mr. Bear was convicted in the U.S. District Court for the Western District of Virginia of: (1) Possession of a Firearm During a Drug Trafficking Offense; (2) possession of a Firearm by a Convicted Felon; (3) Conspiracy to Distribute 500 Grams or More of Cocaine; and (4)

---

[1] The proper respondent in a petition filed under 28 U.S.C. § 2241 is the prisoner's custodian. *Rumsfeld v. Padilla,* 542 U.S. 426, 442 (2004). Here, the proper respondent is F. Garza, the Warden of FCI Elkton. Accordingly, Warden F. Garza should be substituted as the Respondent in this case.

1

Use of Interstate Facilities to Commit Murder for Hire. (*See* ECF No. 8-1, Declaration of R. Jenson ¶ 3; Attachment A, Public Information Inmate Data.)[2] Mr. Bear was sentenced to serve an aggregate term of incarceration of 300 months. (*Id.*) Mr. Bear was designated to and has resided at FCI Elkton since October 23, 2018. (*Id;* Attachment B, Inmate History.) Assuming he receives all good conduct time available to him, Mr. Bear's current projected release date is October 15, 2030. (*Id.,* Attachment A.)

On March 15, 2022, Mr. Bear filed a request for administrative remedy with FCI Elkton, alleging that he is eligible for the Elderly Offender Home Detention Program ("EOHDP"). (*Id.* at ¶ 4; Attachment C, Administrative Remedy Generalized Retrieval). The EOHDP allows the BOP to release some or all eligible elderly offenders to home detention if they met certain criteria. *See* 34 U.S.C. § 60541(g)(1)(B). Mr. Bear's request was denied on September 23, 2022. (ECF No. 8-1, Attachment C.) Mr. Bear appealed this denial to the Northeast Regional Office, and that appeal was also denied. (*Id.*) Finally, Mr. Bear appealed to BOP's Central Office, who issued a final denial on April 21, 2023. (*Id.*) As such, Mr. Bear exhausted all available administrative remedies before filing his habeas petition on May 30, 2023. (*See* ECF No. 1.)

## III. APPLICABLE LEGAL STANDARDS

### A. Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts, and any circuit judge within the respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White,* 660 F.3d

---

[2] Mr. Jenson is a Senior Consolidated Legal Center ("CLC") attorney employed by the U.S. Department of Justice, Federal Bureau of Prisons ("BOP"), Northeast Ohio Regional Office ("NERO"), located in Philadelphia, Pennsylvania. (ECF No. 8-1, ¶ 1.) In this role, he has access to most records maintained in the ordinary course of business at NERO, including records maintained in the BOP's computerized database known as Sentry. (*Id.*) He is familiar with Sentry, which is designed to track information about federal prisoners, including but not limited to inmate date, admission/release dates, and the status of administrative remedy requests filed by federal prisoners. (*Id.*) The Sentry records are attached to Mr. Jensen's Declaration. (*See* Exhibit 8-1.)

2

242, 249 (6th Cir. 2011) (quoting Section 2241(c); *United States v. Mauro,* 436 U.S. 340 (1978)). Because Mr. Bear is appearing pro se, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms,* 270 F.3d 292, 295 (6th Cir. 2001). "However, this Court may dismiss the Petition at any time, or make such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief." *Fitzgerald v. Merlak,* No. 4:18 CV 286, 2018 WL 2952661, at *1 (N.D. Ohio June 11, 2018) (citing *Hilton v. Braunskill,* 481 U.S. 770, 775 (1987); *Allen v. Perini,* 424 F.2d 134, 141 (6th Cir. 1970)).

### B. Rule 12(b)(1) of the Federal Rules of Civil Procedure

A motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure asserts that the Court lacks subject matter jurisdiction. "Motions to dismiss for lack of subject matter jurisdiction fall into two categories: facial attacks and factual attacks." *United States v. Richie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack is a challenge to the sufficiency of the pleading itself. *Id*. "On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235–37, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). If those allegations establish federal claims, jurisdiction exists. *Gentek Bldg. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).

Conversely, a factual attack "is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *Richie*, 15 F.3d at 598. Respondent makes such a factual attack here. With a factual attack, "no presumptive truthfulness applies to the factual allegations" and "the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* In its review of a factual attack, "the district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts." *Gentek*, 491 F.3d at 330 (citations omitted). "As always, the

3

party invoking federal jurisdiction has the burden to prove that jurisdiction exists." *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015) (citation omitted).

IV. **LAW AND ANALYSIS**

Respondent argues that the Petition is moot because the EOHDP expired during the pendency of this litigation and, as a result, this Court lacks jurisdiction pursuant to Rule 12(b)(1). In the alternative, Respondent argues that the Petition lacks merit and should be dismissed pursuant to Rule 12(b)(6) because Mr. Bear was convicted of two violent crimes, and the BOP had discretion to determine who it release to home detention under the EOHDP.

Mr. Bear does not dispute in his Response to Respondent's Motion to Dismiss that the EOHDP has expired. (*See* ECF No. 9.) Rather, he argues – without citation to any authority – that "the conclusion of the program does not deter the Court from it's authority to 'Grandfather' in the petitioner as this legal action was started when the program was instituted and has not yet exhausted all remedies for a just conclusion." (*Id.*) Mr. Bear also asserts that the BOP's conclusion denying him relief under the EOHDP was based on a flawed conclusion that he was convicted of two crimes of violence. (*Id.*) Finally, Mr. Bear's Motion to Show Cause echoes the arguments set forth in his Petition and Response to Respondent's Motion to Dismiss, *i.e.,* he argues that he is entitled to release under the EOHDP because the BOP's "denial was based on continuous misrepresentation of law." (ECF No. 10.)

The Sixth Circuit has recognized that to sustain jurisdiction "it is not enough that a dispute was alive when [a petitioner's] habeas corpus petition was filed in the district court." *Brock v. United States Dep't of Justice,* 256 Fed. App'x 748, 750 (6th Cir. 2007). Rather, a petitioner "must have an actual injury that is capable of being redressed by a favorable judicial decision." *Id.* And "[m]ootness results when events occur during the pendency of the litigation which render the court unable to grant the requested relief. *Id.* (citing *Berger v. Cuyahoga County Bar Assoc.,* 983 F.2d 718 (6th Cir. 1993)).

4

Here, it is undisputed that the EOHDP has expired. The statute creating the EOHDP specified that the pilot program was to be in effect for a finite period of time; specifically, it was to "be carried out during fiscal years 2019 through 2023." 34 U.S.C. § 60541(g)(3). Thus, the plain language of the statute makes clear that the EOHDP expired in fiscal year 2023. Because the EOHDP is no longer in existence, there is no program under which Mr. Bear could be released, even if he was eligible under the program. Accordingly, this Court lacks jurisdiction and Mr. Bear's petition fails under Rule 12(b)(1) because it is moot.[3]

## V.     RECOMMENDATION

Based on the foregoing, I RECOMMEND that this Court GRANT Respondent's Motion to Dismiss (ECF No. 8) and DENY Mr. Bear's Motion to Show Cause (ECF No. 10).

Dated: November 14, 2024

*/s Jennifer Dowdell Armstrong*
Jennifer Dowdell Armstrong
U.S. Magistrate Judge

## V.     NOTICE TO PARTIES REGARDING OBJECTIONS

Local Rule 72.3(b) of this Court provides:

**Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure.** Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and

---

[3] In the interest of judicial economy, I decline to address the parties' arguments regarding Mr. Bear's eligibility for the EOHDP (*see* ECF No. 8, 9, and 10) because the program has expired.

> may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).