UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL DAVID BEAR, *Pro Se*, | ) | Case No.: 4:23 CV 1082 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN F. GARZA, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

On May 30, 2023, *Pro Se* Petitioner Michael David Bear ("Petitioner" or "Mr. Bear") filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the denial of his request for home confinement under the First Step Act's Elderly Offender Home Detention Program ("Elderly Offender Program"). (ECF No. 1.) The court referred the case to Magistrate Judge Jennifer Dowdell Armstrong ("Judge Armstrong" or "Magistrate Judge"), pursuant to Local Rule 72.2, on July 18, 2023, for preparation of a Report and Recommendation ("R & R"). (ECF No. 5.) On May 28, 2024, Respondent[1] F. Garza, Warden of the Federal Correctional Institution in Elkton, Ohio, where Petitioner is housed, filed a Motion to Dismiss Mr. Bear's habeas petition. (ECF No. 8.) Petitioner filed his Response in Opposition on June 14, 2024. (ECF No. 9.) Three days later, Mr.

---

[1] Judge Armstrong notes in the R & R that the court should substitute Warden F. Garza for the United States Bureau of Prisons as Respondent because the proper respondent in a petition filed under 28 U.S.C. § 2241 is the prisoner's custodian. (R & R at PageID 100, ECF No. 12) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004)). Accordingly, the court substitutes the United States Bureau of Prisons for Warden F. Garza as Respondent.

Bear filed a Motion to Show Cause on June 17, 2024. (ECF No. 10.) Judge Armstrong filed her R & R on November 14, 2024, recommending that the court grant Respondent's Motion to Dismiss and deny Mr. Bear's Motion to Show Cause. (ECF No. 12.) Neither party filed objections to the R & R, and the fourteen-day objection period has now passed. Accordingly, Judge Armstrong's R & R is ripe for review.

In the R & R, Judge Armstrong concluded that the court lacked subject matter jurisdiction to consider Mr. Bear's petition, and therefore the petition should be dismissed. (R & R at PageID 104.) In reaching this conclusion, Judge Armstrong determined that because the Elderly Offender Program ended in fiscal year 2023, "there is no program under which Mr. Bear could be released, even if he was eligible." (*Id.*) *See* 24 U.S.C. § 60541(g)(3) ("A pilot program [...] shall be conducted through Bureau of Prisons facilities [...] and shall be carried out during fiscal years 2019 through 2023.") Consequently, the Program ended on September 30, 2023.

Judge Armstrong rejected Mr. Bear's contention that the court has authority to "Grandfather" in a petitioner whose legal action started when the Elderly Offender Program was initiated and who had not exhausted his administrative remedies. (R & R at PageID 103) (citing Petitioner's Opp'n to Mot. at PageID 86, ECF No. 9.) Consequently, Judge Armstrong declined to address the parties' arguments regarding Mr. Bear's eligibility for the Elderly Offender Program. (R & R at PageID 103.)

The court finds, after careful *de novo* review of the Magistrate Judge's R & R and all other relevant documents in the record, that Judge Armstrong's conclusions are fully supported by the record and controlling case law. *See Flourney v. Marshall*, 842 F.2d 875 (6th Cir. 1988). It is well-settled that "federal courts may adjudicate only actual, ongoing cases or controversies." *Brock v. U.S. Dept. of Justice*, 256 Fed. App'x 748, 750 (6th Cir. 2007) (citing *Lewis v. Continental Bank Corp.*,

494 U.S. 472, 477 (1990). Here, Mr. Bear's petition for relief under the Elderly Offender Program is moot because the program expired in 2023. The fact that the program was still active when Mr. Bear filed this action is not sufficient for the court to sustain jurisdiction. *See Brock* 256 Fed. App'x at 750. Accordingly, the court hereby adopts Judge Armstrong's R & R (ECF No. 12) in its entirety and grants Respondent's Motion to Dismiss (ECF No. 8) and denies Mr. Bear's Motion to Show Cause (ECF No. 10.) Mr. Bear's Petition is hereby dismissed for lack of subject matter jurisdiction.

Finally, the court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

December 11, 2024